IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUKESHBHAI GOVINDDAS SUTHAR | : | CIVIL ACTION |
| | : | |
| | : | No. 26-3031 |
| v. | : | |
| | : | |
| J.L. JAMISON, *Warden, FDC Philadelphia, In his official capacity*, et al. | : | |
| | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                              **June 3, 2026**

Petitioner Mukeshbhai Govinddas Suthar brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his detention without a bond hearing is unlawful. Because Suthar has a final order of removal, his detention is lawful under 8 U.S.C. § 1231(a). The Court will therefore deny his petition.

## BACKGROUND

Mukeshbhai Govinddas Suthar is a native and citizen of India who entered the United States without inspection in 2014 and has resided here since. Pet. ¶¶ 1, 39-40, Dkt. No. 1. He was apprehended by Customs and Border Protection (CBP) shortly after his entry and placed into removal proceedings "via issuance of a Notice to Appear (NTA) charging him as removable under section 1182(a)(6)(A)(i) of the Immigration and Nationality Act." Gov't Resp. 4, Dkt. No. 6.

Pursuant to the NTA, Suthar was scheduled for an immigration hearing on January 31, 2017. He failed to appear and was ordered removed in absence by an immigration judge. *Id.*; Gov't Ex. B, January 31, 2017 Removal Order, Dkt. No. 6-2. On December 9, 2025, Suthar filed a motion to rescind the removal order and reopen his removal proceedings. An immigration judge denied his motion on February 12, 2026. Gov't Resp. 5; Pet'r's Reply 1, Dkt. No. 8.

On May 5, 2026, Suthar was arrested and detained by Immigration and Customs Enforcement (ICE). Gov't Resp. 5. He filed this petition the same day, arguing his detention without a bond hearing is unlawful. Pet. ¶¶ 4, 45-49. The Government contends Suthar is subject to detention without a bond hearing under 8 U.S.C. § 1231(a) because he has a final order of removal against him. Gov't Resp. 7-10.

**DISCUSSION**

Section 1231 governs the detention of noncitizens who have been ordered removed. 8 U.S.C. § 1231(a). Once a noncitizen is ordered removed, "DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). "The removal period begins on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement." *Id.*

The removal period, furthermore, "may be extended in at least three circumstances, such that [a noncitizen] remains detained after 90 days have passed." *Id.*; *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580 (2022). "First, the removal period may be extended if the [noncitizen] fails to make a timely application for travel documents or acts to prevent his removal." *Guzman Chavez*, 594 U.S. at 528. "Second, DHS may stay the immediate removal of certain [noncitizens] if it decides that such removal is not practicable or proper, or if the alien is needed to testify in a pending prosecution." *Id.* And third, a noncitizen "may be detained beyond the removal period or released under supervision if he is (1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." *Id.* at 528-

2

29. The Supreme Court has established a presumptive limit of six months for reasonable post-removal detention under Section 1231. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Suthar's removal order was administratively final on January 31, 2017, when he was ordered removed in absence. *See* 8 C.F.R. § 1241.1(e) ("An order of removal" becomes final "immediately upon entry of such order" if "an immigration judge orders [a noncitizen] removed in the [noncitizen's] absence."). An immigration judge later denied Suthar's 2025 motion to rescind the removal order and reopen proceedings on February 12, 2026. Suthar therefore remains subject to a final order of removal, and Section 1231 governs his detention. Suthar has been in ICE custody only since May 5, 2026—less than a month to date.

And because Suthar is deemed inadmissible under 8 U.S.C. § 1182(a), he may be detained beyond the 90 days. Since he has been detained for less than a month, "he is within the 'presumptively reasonable' six-month period." *Cabrera v. Jamison*, No. 2:26-CV-01441, 2026 WL 788687, at *2 (E.D. Pa. Mar. 20, 2026) (denying petition for a writ of habeas corpus challenging detention under Section 1231 because petitioner had a final order of removal and had "been detained for barely two weeks"). He is not entitled to habeas relief at this time.

**CONCLUSION**

Accordingly, the Court will deny Petitioner's Petition for a Writ of Habeas Corpus. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.